## CIRCUIT COURT OF CHESTERFIELD COUNTY

Chesterfield Roofing, Inc.

v.

Cynthia Woodson

September 25, 1989

Case No. CH. 89-343

By JUDGE HERBERT C. GILL, JR.

On August 30, 1989, this Court heard the aforementioned case. Upon consideration of the evidence presented and argument heard, this Court finds that Defendant established Plaintiff's intent to make a gift, however, the gift fails for lack of sufficient delivery. (Imposition of a trust to the benefit of Defendant is not warranted.) Defendant failed to overcome the presumption of ownership. Judgment is granted to Plaintiff. Counsel for Plaintiff is directed to draft an order in accordance with the Court's holding.

In brief, evidence relevant to the inquiry may be stated as follows:

(i) Plaintiff's president and sole stockholder is James Woodson.

(ii) James Woodson admitted that on March 15, 1988, he gave the keys of the vehicle to Defendant, his girlfriend, and wished her a "happy birthday."

(iii) Defendant, Cynthia Woodson, testified that the vehicle was given to her as a birthday gift. Her birth date is March 17th.

(iv) At the time of the "gift":

(a) Although Defendant rented her own apartment, she reportedly spent most of her time at Mr. Woodson's home.

(b) Defendant cared for Mr. Woodson's children and performed household maintenance.

(v) Plaintiff retained title to the vehicle.

(vi) Plaintiff paid the insurance premiums and property tax.

(vii) The parties were subsequently married, yet, separated on or about December 20, 1988.

A gift inter vivos requires a showing of intent, delivery of the subject matter and acceptance. *Sadler v. Garrett*, 45 Bankr. 190 (E.D. Va. 1984). See also Section 55-3 of the Virginia Code. Delivery may be actual or constructive. *Taylor v. Smith*, 199 Va. 871 (1958). The delivery, "must divest the donor of all dominion and control over the property and invest it in the donee." *Sadler v. Garrett*, 45 Bankr. 190 (E.D. Va. 1984), citing *Taylor v. Smith*, 199 Va. 891 (1958), See also *Snidow v. First National Bank*, 178 Va. 239 (1941). The party claiming the validity of the gift, "has the burden of proof to establish by clear and convincing evidence all the facts and circumstances which would show that the gift was, in fact, a valid one." *Sadler v. Garrett*, 45 Bankr. 190 (E.D. Va. 1984), citing *Nelson v. Liggan*, 189 Va. 637, aff'd, 190 Va. 213 (1949). See also *Taylor v. Smith*, 199 Va. 871 (1958).

It is apparent that Mr. Woodson intended to make a gift of the vehicle to Defendant. However, given Plaintiff's retention of title and payment of taxes and insurance premiums, a finding of delivery is not warranted. Plaintiff did not "divest the donor of all dominion and control over the property and invest it in the donee." See *Sadler v. Garrett*, 45 Bankr. 190 (E.D. Va. 1984) and generally *Anno. Gift of Automobile*, 100 A.L.R. 2d 1219 at 1232-1234 (1965).

Assuming arguendo that the aforementioned considerations do not defeat the gift, Section 55-3 of the Virginia Code explicitly provides:

If donor and donee reside together at the time of the gift, possession at the place of their residence shall not be a sufficient possession within the meaning of this Section.

A residence is "the act or fact of abiding or dwelling in a place for some time; act of making one's home in a place; the place where one actually lives or has his home; a person's dwelling place or place of habitation; and abode." *Schwarzschild v. Welborne*, 186 Va. 1052 at 1059 (1947). The evidence establishes that Defendant "resided" at Mr. Woodson's home during the period which the alleged gift was conveyed.

Defendant also argued that a trust was created and cited *Executive Committee v. Shaver*, 146 Va. 73 (1926). The evidence fails to support a finding of an express trust within the standard espoused in *Executive Committee v. Shaver*, 146 Va. 73 (1926). No declaration of trust or other conduct indicating with sufficient certainty a purpose to create a trust was established. Imposition of a constructive trust would also appear inappropriate. Evidence does not suggest that Defendant was unjustly enriched. Plaintiff purchased the vehicle and paid the required taxes.

A prima facie showing of automobile ownership may be established by the certificate of title. However, the title is not conclusive evidence, rather, merely raises a presumption which may be defeated given the circumstances presented. *Buckeye Union Casualty v. Robertson*, 206 Va. 863 (1966). Defendant failed to defeat the presumption. Judgment is granted for Plaintiff.